UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-CV-20159-MOORE/Elfenbein

**RAFAIL FERRE,** *et al.*,

    Plaintiffs,

v.

**DEPARTMENT OF HOMELAND SECURITY (DHS) SECRETARY KRISTI NOEM**, *et al.*

    Defendants.
_____/

## ORDER TO SERVE

**THIS CAUSE** is before the Court on a *sua sponte* review of the record.[1] On January 9, 2026, Plaintiffs Rafail Ferre, Mariia Ferre, and Roman Eschmetov (the "Plaintiffs"), through counsel, filed a Complaint for Declaratory and Injunctive Relief and for Writ of Mandamus against Department of Homeland Security ("DHS") Secretary Kristi Noem; Attorney General Pamela Bondi; U.S. Citizenship and Immigration Services ("USCIS") Director, Joseph B. Edlow; USCIS Refugee, Asylum, and International Operations Directorate Associate Director, Ted H. Kim; and USCIS Miami Asylum Office Director, Varsenik Papazian (collectively, the "Defendants"). *See generally* ECF No. [1]. Despite filing the Complaint over 60 days ago, Plaintiffs have not yet completed service of process upon the Defendants.

The Federal Rules of Civil Procedure require a plaintiff to serve defendants within 90 days after filing a complaint. *See* Fed. R. Civ. P. 4(m). "To serve a United States . . . employee sued

---

[1] The Honorable Judge K. Michael Moore referred this case to me pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida to "take all take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters." *See* ECF No. [5].

only in an official capacity," as Plaintiff does here, "a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the . . . employee." *See* Fed. R. Civ. P. 4(i)(2); ECF No. [1] at 1. "To serve the United States, a party must" do three things: (1) either "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or send a copy of each by registered or certified mail to" the "civil-process clerk at the United States attorney's office"; (2) "send a copy of each by registered or certified mail to the Attorney General of the United States"; and (3) "if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer." *See* Fed. R. Civ. P. 4(i)(1).

The Federal Rules of Civil Procedure put the ultimate duty to comply with service requirements on the Plaintiffs. Indeed, those Rules require a plaintiff to serve defendants within 90 days after filing a complaint. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

Because Plaintiffs filed their original Complaint on January 9, 2026, *see* ECF No. [1], they must perfect service on Defendants by April 9, 2026, *see* Fed. R. Civ. P. 4(m). Accordingly, it is **ORDERED and ADJUDGED** that, on or before **April 9, 2026**, Plaintiff shall either properly serve all required individuals or show good cause as to why he has not. Failure to file proof of service or to show good cause by **April 9, 2026** may result in the undersigned issuing a Report and Recommendation recommending the dismissal without prejudice of Plaintiff's action as to any

CASE NO. 26-CV-20159-MOORE/Elfenbein

unserved Defendants.

**DONE and ORDERED** in Chambers at Miami, Florida, on March 12, 2026.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:   All Counsel of Record