**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:26-cv-20159-KMM

RAFAIL FERRE, *et al.*,

 Plaintiffs,

v.

DEPARTMENT OF HOMELAND SECURITY
SECRETARY KRISTI NOEM, *et al.*,

 Defendant.

               /

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Magistrate Judge Marty Fulgueira Elfenbein's Report and Recommendation ("R&R") (ECF No. 9).  This Court referred the case to Magistrate Judge Elfenbein to "take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters."  (ECF No. 5).  Now before the Court is Magistrate Judge Elfenbein's R&R, recommending the above-captioned case be dismissed without prejudice.  *See generally* R&R.  Neither party has filed an objection and the time to do so has passed.  The R&R is now ripe for review.  As set forth below, the Court ADOPTS the R&R.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report.  *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).  "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review.  *Id.*

Yet when a party has failed to object or has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

Here, Plaintiffs filed their Complaint and Action in Mandamus for Declaratory and Injunctive Relief on January 9, 2026. ("Complaint") (ECF No. 1). By March 12, 2026, Plaintiffs had still not served Defendants with the Complaint. That day, Magistrate Judge Elfenbein issued an Order, as more than sixty days had already passed since the filing of the Complaint. (ECF No. 8) at 1. Therein, Magistrate Judge Elfenbein Ordered Plaintiffs to either perfect service on Defendants by April 9, 2026 (ninety days after the Complaint was filed) or to show good cause as to why they had not done so. *Id.* at 2. She warned Plaintiffs that if they failed to perfect service or show good cause justifying this failure at that time, she would recommend their case be dismissed without prejudice. *Id.* at 2–3.

Now, Plaintiffs have still failed to effectuate service upon any of the Defendants and have also failed to even attempt to make a showing of good cause justifying this failing. In light of this continued failure, Magistrate Judge Elfenbein has issued her R&R, recommending that this Court dismiss Plaintiffs' Complaint without prejudice. *See generally* R&R. She explains that Plaintiffs were required to serve Defendants within ninety (90) of filing their complaint. *Id.* at 1–2 (citing Fed. R. Civ. P. 4(m)). Magistrate Judge Elfenbein notes that under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order

2

that service be made within a specified time." *Id.* at 2(citing Fed. R. Civ. P. 4(m)).  Because Magistrate Judge Elfenbein already provided Plaintiffs with said notice about the service of process requirements, (ECF No. 8), she finds that Rule 4(m) requires her to dismiss Plaintiffs' action without prejudice.  R&R at 2.

Because no objections have been filed, the Court assesses Magistrate Judge Elfenbein's findings for clear error.  *Keaton*, 2015 WL 12780912, at *1.  This Court finds no clear error in Magistrate Judge Elfenbein's findings and agrees with her recommendation.

Accordingly, UPON CONSIDERATION of the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the R&R (ECF No. 9) is ADOPTED.  The Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.  The case is now CLOSED.

DONE AND ORDERED in Chambers at Miami, Florida, this __28th__ day of April, 2026.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record

3